**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **I.F.,** | § |
|    **Plaintiff,** | § |
| | § |
|      **v.** | §**Civil Action No. 4:14-CV-00359 (RC/KPJ)** |
| | § |
| | § |
| **LEWISVILLE INDEPENDENT SCHOOL** | § |
| **DISTRICT,** | § |
|    **Defendant.** | § |

## LEWISVILLE INDEPENDENT SCHOOL DISTRICT'S AMENDED MOTION IN LIMINE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Lewisville Independent School District ("Lewisville ISD," "LISD," "the District," or "Defendant"), Defendant in the above-styled and numbered cause, and, after this case has been assigned for trial, and prior to the voir dire examination of the jury panel in connection with such trial, and files this Amended Motion in Limine.  Defendant respectfully moves the Court to instruct Plaintiff not to mention within the hearing of any member of the jury panel, either in voir dire examination, upon reading of the pleadings, upon statement of the case, by interrogation of the witnesses, in argument, by objections in the presence of the jury, or otherwise, any of the following matters, either directly or indirectly, nor to refer to, interrogate concerning, or otherwise apprise the jury of any of the following matters until each such matter has been called to the Court's attention out of the presence and hearing of the jury, and a ruling had by the Court as to the competency of each such matter outside the presence and hearing of any members of the jury or jury panel.  It is further moved that Plaintiff

be instructed to apprise each of Plaintiff's witnesses of the contents of this motion so that it not be inadvertently violated by a witness.  The matters subject to this motion in limine are as follows:

## I.

### 1.

Any mention or reference to other alleged instances of sexual assaults of Lewisville Independent School District students and/or harassment or bullying of other Lewisville Independent School District students, as such evidence is not relevant and the prejudicial effect would far outweigh any probative value. See Fed. R. Evid. 401, 402, and 403.

### 2.

Any testimony or opinions that Lewisville Independent School District personnel acted with deliberate indifference to Plaintiff. It has been specifically held that such testimony and opinions are impermissible as they invade the province of the Court in explaining the legal standards to be applied to this case, as well as the province of the jury in interpreting whether the facts of this case meet those standards.  See Fed. R. Evid. 702, and 703; *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993); *Salas v. Carpenter*, 980 F.2d 299 at 305 (5th Cir. 1992); *Garcia v. Navasota ISD*, 2011 U.S. Dist. LEXIS 335253 at *7-8 (S.D. Tex. 2011).

### 3.

Any testimony, opinions, or references to the fact that Lewisville Independent School District personnel, in responding to Plaintiff's complaints, violated or failed to follow Title IX administrative rules, directives, letters, or other communications from administrative agencies, or violated the District's own policies.  The United States Supreme Court and the Fifth Circuit have specifically held that violation of such administrative directives does *not* establish

deliberate indifference in a private cause of action for money damages under Title IX.  *See* *Gebser v. Lago Vista ISD*, 524 U.S. 274 at 291-92 (1998); *Sanches v. Carrollton-Farmers Branch ISD*, 647 F.3d at 156 at 169 (5th Cir. 2011); *A.W. v. Humble ISD*, 25 F.Supp.3d  973 at 986-87 (S.D.Tex-2011).  Accordingly, any such evidence is not relevant, is misleading,  and the prejudicial effect would far outweigh any probative value. See Fed. R. Evid. 401, 402, and 403.

## 4.

Any questions, testimony, offers of proof, mention, or reference that independent third-parties, who are alleged perpetrators of criminal acts, invoked a 5th Amendment privilege against self-incrimination.  Such evidence is irrelevant, inflammatory, and so prejudicial that the introduction of the testimony would outweigh any probative value.  While a party's invocation of the 5th Amendment privilege in a civil case may warrant an inference *against the person who invoked the privilege*, no such inference is warranted against someone who did not invoke the privilege against self-incrimination.  Moreover, the fact that an alleged independent third-party perpetrator has at some point asserted a 5th Amendment privilege against self-incrimination has no relevance or bearing upon Lewisville ISD's actions and knowledge during its investigations and conduct at issue in this case.  The evidence is irrelevant, prejudicial, inflammatory, not probative, and should not be allowed.  See, Fed.R.Evid. 401, 402, and 403. . See Fed. R. Evid. 401, 402, and 403.

## 5.

Any mention or reference to the Department of Education and/or Office of Civil Rights having investigated the Lewisville Independent School District, as such evidence is not relevant and the prejudicial effect would far outweigh any probative value. See Fed. R. Evid. 401, 402, and 403.

**6.**

Any mention or reference to other lawsuits, litigation, or claims against Lewisville Independent School District, as such evidence is not relevant and the prejudicial effect would far outweigh any probative value. <u>See</u> Fed. R. Evid. 401, 402, and 403.

**7.**

Any allegation or argument that Defendant or its counsel delayed this litigation for any reason, or took any action for the purpose of increasing the costs of litigation, or delaying trial, or committed any abuse of discovery. Such allegations are untrue, irrelevant, inflammatory, and prejudicial. <u>See</u> Fed.R.Evid 401, 402, and 403

**8.**

Any statement or reference to any offers of settlement which have been made, or any reference to the fact that this lawsuit could not be or was not settled, compromised, or resolved with the Defendant. <u>See</u> Fed.R.Evid 408.

**9.**

Any mention or reference to the failure to call a witness available equally to either party.

**10.**

Any reference or mention of or statement regarding the probable testimony of a witness who is absent, unavailable, or not called to testify in this cause of action.

**11.**

Any testimony, documents, and/or any other evidence that Plaintiff did not timely produce in response to disclosures or discovery requests directed at such information.

**12.**

Any expert testimony of any kind or character from a witness who has not been properly designated as an expert in accordance with the Court's Scheduling Order and the Federal Rules of Civil Procedure. See Fed.R,.Evid. 701, and 702; Fed.R.Civ.P. 26(a)(2); *Thudium v. Allied Prods. Corp.*, 36 F.3d 767, 769-70 (8th Cir. 1994).

**13.**

Any testimony or argument suggesting Defendant, through its attorney, asserted claims of privilege during discovery.  Claims of privilege are not admissible as evidence.

**14.**

Any request or offer in the presence of the jury or jury panel to stipulate or agree to any fact or  evidence, or any comment or reference to Defendant's refusal to do so.

**15.**

Any mention, reference to, or evidence of the relative financial positions of the parties, or make any comment, reference, or question comparing the wealth of the Defendant to the Plaintiff or as to any other party, or to ask any question about or comment or refer to the assets, liabilities, ownership, or property or wealth of the Defendant. Such comments and/or evidence are irrelevant to any issue in this case and serve only to improperly inflame and/or prejudice the jury.

See Fed.R.Evid. 401, 402, and 403.

**16.**

Reference to the filing of this Motion by Defendant, any ruling thereon by the Court, or any suggestion or inference to the jury that Defendant has moved to prohibit any evidence or proof or that the Court has excluded any evidence or proof.

**II.**

Defendant further requests that if Plaintiff wishes to propose a theory of admissibility concerning the matters set forth above, then the Court order that the Plaintiff first request a ruling from the Court regarding such theory of admissibility outside the presence and hearing of all jurors and prospective jurors.

**III.**
**CERTIFICATE OF CONFERENCE**

The parties have not yet conferred regarding the motion in limine. Per the procedure set out in the Court's Second Amended Scheduling Order (doc.#226), the parties are to file motions in limine, after which the opposing party has 7 days to file a response to any matters objected to. (See Court's Docket, Second Amended Scheduling Order, p. 3).  Any matters not objected to are considered agreed. *Id*. After a response is filed, the parties are to confer within 5 days, and then present to the Court any matters on which no agreement can be reached. *Id*., at p. 3, n, 3.

/s/ Stephen D. Henninger
**STEPHEN D. HENNINGER**

WHEREFORE, PREMISES CONSIDERED, Defendant requests that this Honorable Court order that Plaintiff and all of Plaintiff's witnesses be required to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documents through evidence, of any of the matters set forth in this Motion; Defendant further prays for such other and further relief, both general or special, at law on in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

/s/ Stephen D. Henninger

**THOMAS P. BRANDT**
State Bar No. 02883500
tbrandt@fhmbk.com
**STEPHEN D. HENNINGER**
State Bar No. 00784256
shenninger@fhmbk.com
**FANNING HARPER,  MARTINSON,**
**BRANDT & KUTCHIN, P.C.**
Two Energy Square
4849 Greenville Ave. Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been delivered to all parties of record, in compliance with the Court's ECF/CM system and/or Rule 5 of the Federal Rules of Civil Procedure, on the 10th day of November, 2016.

/s/ Stephen D. Henninger
**STEPHEN D. HENNINGER**