IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PAUL FLETCHER and wife, JAIME FLETCHER | § | |
| as next friends of their daughter, IF | § | |
|     Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | CAUSE NO. 4:14-cv-00359 DDB |
| | § | |
| | § | |
| LEWISVILLE INDEPENDENT SCHOOL | § | |
| DISTRICT *et al* | § | |
|     Defendants. | § | |

## PLAINTIFF'S AMENDED PROPOSED MOTION IN LIMINE

**TO THE HONORABLE RON CLARK, UNITED STATES CHIEF DISTRICT JUDGE:**

COMES NOW, Plaintiff, IF, and files this her Proposed Motion in Limine as required by

the Court's Second Amended Scheduling Order dated May 5, 2016.

Respectfully submitted,

/s/ Christopher A. Payne
Christopher A. Payne
State Bar No. 15651500
chris@christopherapayne.com
**THE LAW OFFICE OF
CHRISTOPHER A. PAYNE, PLLC**
9101 LBJ Freeway, Suite 760
Dallas, Texas, 75243
Phone: 972-775-1954
Fax: 214 435-2435

CHARLA G. ALDOUS, Attorney in Charge
Texas Bar No. 20545235
caldous@aldouslaw.com

PLAINTIFF'S AMENDED PROPOSED MOTION IN LIMINE                      Page 1

BRENT R. WALKER
Texas Bar No. 24047053
bwalker@aldouslaw.com
HEATHER L. LONG
Texas Bar No. 24055865
hlong@aldouslaw.com
**ALDOUS\WALKER, LLP**
2311 Cedar Springs Rd., Suite 200
Dallas, TX 75201
Phone: (214) 526—5595
Fax: (214) 526-5525
**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

The parties have not yet conferred regarding the motion in limine. Per the procedure set out in the Court's Second Amended Scheduling Order (doc.#226), the parties are to file motions in limine, after which the opposing party has 7 days to file a response to any matters objected to. (See Court's Docket, Second Amended Scheduling Order, p. 3). Any matters not objected to are considered agreed. *Id*. After a response is filed, the parties are to confer within 5 days, and then present to the Court any matters on which no agreement can be reached. *Id*., at p. 3, n, 3.

  /s/Christopher A. Payne
Christopher A Payne

## CERTIFICATE OF SERVICE

On the 10th day of November, 2016, a copy of the foregoing has been served by the Court's electronic filing system to all counsel of record.

  /s/Christopher A. Payne
Christopher A Payne

1.  Plaintiff requests that the Defendants not be permitted to offer any expert testimony through any witness who has not been designated as an expert witness.

2.  Plaintiff requests that the Defendants not be permitted to offer any expert testimony on a subject about which an expert has not been specifically identified to offer such testimony in Defendants' discovery responses.

3.  Plaintiff requests that the Defendants not be permitted to offer any testimony concerning their compliance with the requirements of any statute, regulation, or other administrative requirements, as such topics require expert testimony and Defendants have not designated any experts in this case.

4.  Plaintiff requests that the Defendants not attempt to introduce any documentary evidence without the Plaintiff's counsel having a chance to review such documentary evidence sufficiently in advance of such attempt so as to redact any confidential, private information which is not relevant to Plaintiff's claims and/or her damages, as such confidential private information is irrelevant to any issue in the case and the probative value of any such confidential private information would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or would be misleading to the jury. FED. R. EVID. 401, 402, 403; *see also Nichols v. Scott,* 69 F.3d 1255, 1284 (5th Cir. 1995). Plaintiff anticipates that this will include, but will not be limited to documentary evidence such as medical records, witness statements obtained during any investigation, counselling records, and/or similar documents.

5.  Plaintiff requests that the Defendants not be permitted to offer any testimony or make any

comments, inferences, remarks  or call into question the sexual history of the Plaintiff, IF

before the sexual assault on September 28, 2012, as such testimony, comments, inferences

and/or questioning is irrelevant to any issue in the case and the probative value of any such

testimony, comments, inferences, remarks and/or questioning would be greatly outweighed

by the danger of unfair prejudice, confusion of the issues, and/or would be misleading to

the jury. FED. R. EVID. 401, 402, 403; *see also Nichols v. Scott,* 69 F.3d 1255, 1284 (5th Cir.

1995).

6.   Plaintiff requests that the Defendants not be permitted to offer any testimony or make any

comments, inferences, remarks  or call into question the sexual history of the Plaintiff, IF

after the sexual assault on September 28, 2012, as such testimony, comments, inferences

and/or questioning is irrelevant to any issue in the case and the probative value of any such

testimony, comments, inferences, remarks and/or questioning would be greatly outweighed

by the danger of unfair prejudice, confusion of the issues, and/or would be misleading to

the jury. FED. R. EVID. 401, 402, 403; *see also Nichols v. Scott,* 69 F.3d 1255, 1284 (5th Cir.

1995).

7.   Plaintiff requests that the Defendants not be permitted to offer any testimony or make any

comments, inferences, remarks  or call into question the dating history, social relationships,

or friendships of the Plaintiff, IF after the sexual assault on September 28, 2012, as such

testimony, comments, inferences, remarks and/or questioning is irrelevant to any issue in

the case and the probative value of any such testimony, comments, inferences, remarks

and/or questioning would be greatly outweighed by the danger of unfair prejudice,

confusion of the issues, and/or would be misleading to the jury. FED. R. EVID. 401, 402, 403;

*see also Nichols v. Scott,* 69 F.3d 1255, 1284 (5th Cir. 1995).

8.   Plaintiff requests that the Defendants not be permitted to offer any testimony or make any

comments, inferences, remarks  or call into question any medication use by the Plaintiff, IF, whether prescribed or not, legal or illegal,  before the sexual assault on September 28, 2012, as such testimony, comments, inferences and/or questioning is irrelevant to any issue in the case and the probative value of any such testimony, comments, inferences, remarks and/or questioning would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or would be misleading to the jury. FED. R. EVID. 401, 402, 403; *see also Nichols v. Scott,* 69 F.3d 1255, 1284 (5th Cir. 1995).  Further, such testimony, comments, inferences, remarks and/or questioning would constitute an improper attempt to introduce comparative negligence in a case that does not permit comparative negligence as a defense. *Moran v Summers*, 2016 U.S. Dist. LEXIS 52686 (W.D. Tex. 2016).

9.   Plaintiff requests that the Defendants not be permitted to offer any testimony or make any comments, inferences, remarks  or call into question any medication use by the Plaintiff, IF, whether prescribed or not, legal or illegal,  after the sexual assault on September 28, 2012, as such testimony, comments, inferences and/or questioning is irrelevant to any issue in the case and the probative value of any such testimony, comments, inferences, remarks and/or questioning would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or would be misleading to the jury. FED. R. EVID. 401, 402, 403; *see also Nichols v. Scott,* 69 F.3d 1255, 1284 (5th Cir. 1995).

10.   Plaintiff requests that the Defendants not be permitted to offer any testimony or make any comments, inferences, remarks  or call into question any alcohol use by the Plaintiff, IF, before the sexual assault on September 28, 2012, as such testimony, comments, inferences and/or questioning is irrelevant to any issue in the case and the probative value of any such testimony, comments, inferences, remarks and/or questioning would be greatly outweighed

by the danger of unfair prejudice, confusion of the issues, and/or would be misleading to the jury. FED. R. EVID.  401, 402, 403; *see also Nichols v. Scott,* 69 F.3d 1255, 1284 (5th Cir. 1995). Further, such testimony, comments, inferences, remarks and /or questioning would constitute an improper attempt to introduce comparative negligence in a case that does not permit comparative negligence as a defense. *Moran v Summers*, 2016 U.S. Dist. LEXIS 52686 (W.D. Tex. 2016).

11. Plaintiff requests that the Defendants not be permitted to offer any testimony or make any comments, inferences, remarks  or call into question any alcohol use by the Plaintiff, IF, after the sexual assault on September 28, 2012, as such testimony, comments, inferences and/or questioning is irrelevant to any issue in the case and the probative value of any such testimony, comments, inferences, remarks and/or questioning would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or would be misleading to the jury. FED. R. EVID. 401, 402, 403; *see also Nichols v. Scott,* 69 F.3d 1255, 1284 (5th Cir. 1995).

12. Plaintiff requests that the Defendants not be permitted to offer any testimony or make any comments, inferences, remarks  or call into question the existence of any claims, pending litigation, appeals and/or judgments arising out of the sexual assault against Plaintiff on September 28, 2012, which involves parties not presently included in this litigation as such testimony, comments, inferences and/or questioning is irrelevant to any issue in the case and the probative value of any such testimony, comments, inferences, remarks and/or questioning would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or would be misleading to the jury. FED. R. EVID. 401, 402, 403; *see also Nichols v. Scott,* 69 F.3d 1255, 1284 (5th Cir. 1995).

13. Plaintiff requests that the Defendants not be permitted to offer any testimony or make any comments, inferences, remarks or call into question the failure of IF to call any police officers, district attorneys, or other government or quasi-governmental officials as a witness, the probative value of any such remark would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or would be misleading to the jury. FED. R. EVID. 402, 403; *see also Nichols v. Scott,* 69 F.3d 1255, 1284 (5th Cir. 1995).

14. Plaintiff requests that the Defendants not be permitted to offer any testimony or make any comments, inferences, remarks or call into question any offer or lack of offer made in compromise or settlement, including, but not limited to, the nature of such an offer and the terms of such an offer for the purposes of proving or disproving the validity or amount of a disputed claim or impeachment by a prior inconsistent statement or a contradiction. FED. R. EVID. 408; *see also King v. Univ. Healthcare Sys., L.C.,* 645 F.3d 713, 720 (5th Cir. 2011).

15. Plaintiff requests that the Defendants not be permitted to offer any testimony or make any comments, inferences, remarks or call into question that there were abandoned pleadings, claims, or causes of action by IF or the contents or nature thereof. FED. R. EVID. 402, 403. These matters are generally inadmissible, irrelevant, and prejudicial to IF's right to a fair and impartial trial. If relevant and/or admissible, the probative value of any such matter would be greatly outweighed by the danger of unfair prejudice, confusion of the issues, and/or would be misleading to the jury. FED. R. EVID. 402, 403.

16. Plaintiff requests that the Defendants not be permitted to offer any testimony or make any comments, inferences, remarks or call into question any defense not pled by Defendant. FED. R. CIV. P. 15(b).

17. Plaintiff requests that the Defendants not be permitted to offer any testimony or make any

comments, inferences, remarks or call into question any statement that tends to inform the jury, or the jury panel, of the effect of its answers to the Court's instructions and questions. Counsel for Plaintiff intends this to be a broad motion and cannot attempt to specifically state all possible phrases that might be used by counsel to inform the jury of the effect of their answers to the Court's questions in this case.