IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| I.F., § | |
|    Plaintiff, § | |
| § | |
| § | Civil Action No. 4:14-CV-00359 (RC/KPJ) |
| v. § | |
| § | |
| § | |
| LEWISVILLE INDEPENDENT SCHOOL § | |
| DISTRICT, § | |
|    Defendant. § | |

**DEFENDANT'S FIRST AMENDED REQUESTED JURY ISSUES AND INSTRUCTIONS**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Defendant Lewisville Independent School District (hereinafter "Defendant", "Lewisville ISD", "LISD", or "the District"), Defendant herein and, pursuant to the Court's Scheduling Orders and the Federal Rules of Civil Procedure, files its First Amended Requested Jury Issues and Instructions. LISD requests that the issues and instructions set forth below be presented to the jury in addition to the parties' agreed instructions and issues.

**I.
REQUESTED INSTRUCTIONS**

**A.      General Instructions**

**REQUESTED INSTRUCTION NO. 1:**

**Burden of Proof: Preponderance of the Evidence**

Plaintiff I.F. has the burden of proving her case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than

not so. If you find that Plaintiff I.F. has failed to prove any element of her claim by a preponderance of the evidence, then she may not recover on that claim.

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

[5th Circuit Pattern Jury Instructions (Civil Cases)-3.2 (2014)]

**REQUESTED INSTRUCTION NO. 2:**

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

[5th Circuit Pattern Jury Instructions (Civil Cases)-3.5 (2014)]

**REQUESTED INSTRUCTION NO. 3:**

**No Inference From Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

[5th Circuit Pattern Jury Instructions (Civil Cases)-3.6 (2014)]

B.  **Plaintiff's Claims**

**REQUESTED INSTRUCTION NO. 4:**

**Retaliation Under Title IX**

Plaintiff I.F. claims that Defendant Lewisville Independent School District discriminated against her because she opposed a practice allegedly made unlawful by Title IX of the Education Amendments Act of 1972. Specifically, Plaintiff alleges that she reported to Lewisville Independent School District an alleged violent sexual attack by classmates at an off-campus, non-school related party, and also claimed that she was being harassed and bullied by fellow students. After Plaintiff made these complaints, she alleges that Lewisville Independent School District retaliated against her for complaining by:

1. Delaying the District's investigation into Plaintiff's allegation of sexual assault against classmates;
2. Discouraging Plaintiff from pursuing a claim and encouraging I.F.'s parents to enroll her in another school;
3. Banning Plaintiff from participating in extracurricular activities;
4. Requiring Plaintiff to assume responsibilities that allegedly were far beyond those required of students in regular attendance at the school; and
5. Failing to provide allegedly required personal instruction to Plaintiff[1]

Defendant Lewisville Independent School District denies that it retaliated against Plaintiff in any respect. To the extent Plaintiff ever suffered an adverse educational action, which Defendant denies, Defendant denies that any Title IX protected activity of Plaintiff was the

---

[1] Dkt. 237 (Plaintiff's Fifth Amended Complaint).

reason for that adverse action. Lewisville ISD contends that Plaintiff's parents specifically told the District not to investigate the first bullying complaint she made. Thereafter, the Carrollton Police Department expressly instructed the District to hold off on any investigation of Plaintiff's complaints until the Police Department's criminal investigation into those complaints had sufficiently progressed.  Once the Police told Lewisville ISD that it could proceed, the District did so. The District further denies that it ever took any action in regards to Plaintiff as retaliation because she had made a Title IX complaint of sexual assault and sexual harassment.

Lewisville ISD further claims that Plaintiff failed to take advantage of Lewisville ISD grievance and complaint procedures that were available to her if she was dissatisfied with the District which could have avoided the damages she now seeks in this lawsuit. Defendant Lewisville Independent School District further asserts that any alleged damages were caused in whole or in part by the acts and/or omissions, including criminal and intentional acts, of independent third-parties over whom Defendant exercised no control and for whose acts and/or omissions Defendant cannot be held responsible.

Title IX of the Education Amendments Act of 1972 provides:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subject to discrimination under any education program or activity receiving Federal financial assistance.

Retaliation against a person because that person has complained of sex discrimination is a form of intentional sex discrimination encompassed by Title IX's private cause of action. Retaliation is an intentional act. It is a form of discrimination because the complainant is being subjected to differential treatment. Title IX retaliation is discrimination "on the basis of sex" because it is an intentional response to the nature of the complaint: an allegation of sex

discrimination.

In order to prevail on this claim, Plaintiff I.F. must show by a preponderance of the evidence that all the following occurred:

>First: Plaintiff I.F. engaged in conduct protected by Title IX of the Education Amendments Act of 1972;
>
>Second: Defendant Lewisville Independent School District knew of the protected activity;
>
>Third: Defendant Lewisville Independent School District subjected Plaintiff I.F. to an adverse educational action at the time, or after, the protected conduct took place; and
>
>Fourth: Defendant Lewisville Independent School District took the adverse action against Plaintiff I.F. because of plaintiff's protected conduct.
>
>[3C Fed. Jury Prac. & Instr. § 177:24 (6th ed.); 18 U.S.C.A. § 1681; *Lowrey v. Texas A & M Univ. System*, 117 F.3d 242, 247 (5th Cir.1997); *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005); *Baggett v. Burnet Consol. Sch. Dist.*, 2007 WL 2823277, at *10 (W.D. Tex. 2007)]

**<u>Adverse Educational Action</u>**

An adverse educational action is one that a reasonable student would have found to be materially adverse. In the retaliation context, a materially adverse action is one that "well might have dissuaded a reasonable [student] from making or supporting a charge of discrimination."

[Adapted from Pattern Civ. Jury Instr. 5th Cir. 11.5 (2014) (regarding retaliation in employment under Title VII);[2] *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 657 (5th Cir. 2012), cert. denied, 133 S. Ct. 136 (2012) (same)]

### But for the protected activity

In order to find for the Plaintiff you must find that Defendant Lewisville Independent School District's adverse educational action against Plaintiff I.F. would not have occurred in the absence of—but for—her protected activity.

If you disbelieve the reason Defendant Lewisville Independent School District has given for its actions, you may, but are not required to, infer that Defendant Lewisville Independent School District would not have decided to engage in the adverse educational action but for Plaintiff engaging in the protected activity.

[Adapted from Pattern Civ. Jury Instr. 5th Cir. 11.5 (2014) (Title VII retaliation)]

### Retaliation by the funding recipient

A school district may not be held liable for retaliation unless Plaintiff is able to show either that the funding recipient itself – the Board of Trustees of the Lewisville Independent School District -- engaged in retaliatory acts or had actual knowledge of retaliatory conduct and responded in a manner that was clearly unreasonable in light of the known circumstances. An educational institution has "actual knowledge" if it knows the underlying facts indicating a sufficiently substantial danger of retaliation to the Plaintiff.

---

[2] Title IX retaliation claims "may be judged by the standards elaborated under Title VII." 3C Fed. Jury Prac. & Instr. § 177:24 (6th ed.)(*citing Legoff v. Trustees of Boston Univ.*, 23 F.Supp.2d 120, 128 n. 4 (D.Mass.1998); *Preston v. Commonwealth of Virginia ex rel. New River Community College*, 31 F.3d 203, 206 (4th Cir.1994); *Murray v. New York Univ. College of Dentistry*, 57 F.3d 243, 248–49, 251 (2d Cir.1995); *Nelson v. University of Maine System*, 923 F.Supp. 275, 279 (D.Me.1996))

[3C Fed. Jury Prac. & Instr. §§ 177:38; 177:36; 177:22 (6th ed.); *Gebser v. Lago Vista Indep. School Dist.*, 524 U.S. 274, 285–89, 118 S.Ct. 1989, 1997–99, 141 L.Ed.2d 277 (1998); *Bostic v. Smyrna School District*, 418 F.3d 355 (3d Cir. 2005); *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 650, 119 S.Ct. 1661, 1675, 143 L.Ed.2d 839 (1999); Dkt. 306 (Order Sustaining in Part and Overruling in Part Plaintiff's Objections to Magistrate Judge's Report and Recommendation, p.15)]

## REQUESTED INSTRUCTION NO. 5:

### Reports of Harassment Must Be Based on Gender

You are instructed that only reports of *gender-based* harassment constitute protected activity under Title IX. The offensive behavior must still be based on gender, and not merely tinged with offensive sexual connotations.

[*Sanches v. Carrollton-Farmers Branch ISD*, 647 F.3d 156 at 165-66 (5th Cir. 2011)]

## REQUESTED INSTRUCTION NO. 6:

### Estoppel

You are instructed that the doctrine of estoppel prevents a party from asserting claims contrary to or inconsistent with previous acts of that party. The elements of estoppel are: (1) that the party to be estopped was aware of the facts; (2) that the party to be estopped intended his act or omission to be acted upon; (3) that the party asserting estoppel did not have knowledge of the facts; and (4) that the party asserting estoppel reasonably relied on the conduct of the other to his substantial injury.

[*Mangaroo v. Nelson*, 864 F.2d 1202 at 1204 (5th Cir. 1989); *Gowland v. Aetna*, 143 F.3d 951 at 954, n. 6 (5th Cir. 1998)]

C.     **Damages**

**REQUESTED INSTRUCTION NO. 7:**

**Compensatory Damages**

If Plaintiff has proven her claim against Defendant Lewisville ISD by a preponderance of the evidence, you must determine the damages to which Plaintiff is entitled, if any. You should not interpret the fact that I am giving instructions about Plaintiff's damages as an indication in any way that I believe that Plaintiff should, or should not, win this case. It is your task to decide whether Defendant Lewisville ISD is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant Lewisville ISD is liable and that Plaintiff is entitled to recover money from Defendant Lewisville ISD.

If you find that Defendant Lewisville ISD is liable to Plaintiff, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole—that is, to compensate Plaintiff for the damage that she has suffered. Compensatory damages are not limited to expenses that Plaintiff may have incurred because of her injury. If Plaintiff wins, she is entitled to compensatory damages for any mental anguish that she has suffered because of Defendant Lewisville ISD's retaliatory conduct, if any.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendant Lewisville ISD's allegedly retaliatory conduct, if any. The damages that you award must be fair compensation for all of Plaintiff's damages, no

more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize Defendant Lewisville ISD. You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff has actually suffered or that Plaintiff is reasonably likely to suffer in the future because of the allegedly retaliatory conduct of Defendant Lewisville ISD.

You should not attribute to Defendant Lewisville ISD damages that were not caused by the alleged retaliatory conduct of Defendant Lewisville ISD, such as damages attributable to the alleged sexual assault or harassment/bullying by fellow students that were the basis of Plaintiff's underlying complaints, or for any other damages that were caused by acts and/or omissions of independent third-parties over whom Defendant exercised no control.

Plaintiff must prove her compensatory damages by a preponderance of the evidence. If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. Your award must be based on evidence. On the other hand, Plaintiff need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence: mental anguish.

[5th Circuit Pattern Jury Instructions (Civil Cases)-15.1 and 15.2 (2014)]

**REQUESTED INSTRUCTION NO. 8:**

**Mitigation of Damages**

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate her damages, that is, to avoid or to minimize those damages.

If you find that Lewisville ISD is liable and Plaintiff has suffered damages, Plaintiff may not recover for any item of damage that she could have avoided through reasonable effort. If you find that Lewisville ISD has proved by a preponderance of the evidence that Plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny her recovery for those damages that she would have avoided had she taken advantage of the opportunity.

You are the sole judge of whether Plaintiff acted reasonably in avoiding or minimizing her damages. An injured Plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, she is not required to make unreasonable efforts or to incur unreasonable expenses in mitigating damages. Lewisville ISD has the burden of proving the damages that Plaintiff could have mitigated. In deciding whether to reduce Plaintiff's damages because of her failure to mitigate, you must weigh all the evidence in light of the circumstances of the case, using sound discretion in deciding whether Lewisville ISD has satisfied its burden of proving that Plaintiff's conduct was not reasonable.

[5[th] Circuit Pattern Jury Instructions (Civil Cases)-15.15 (2014)]

**REQUESTED INSTRUCTION NO. 9:**

**Available Grievance Procedures**

You are instructed that Lewisville ISD has an established and published grievance and appeal procedure for any student or parent who is dissatisfied with LISD's handling of alleged harassment or bullying. Under that policy, a student or parent who is dissatisfied with a school's handling of such matters may appeal to the Superintendent of the School District, and, if dissatisfied with the Superintendent's resolution, to the Lewisville ISD Board of Trustees.

[Lewisville ISD Policies FFH (Local) and FNG (Local)]


**REQUESTED INSTRUCTION NO. 10:**

**Attorneys Fees and Court Costs**

If you find for the Plaintiff you must not take into account any consideration of attorney's fees or court costs in deciding the amount of Plaintiff's damages.

## II.
## REQUESTED ISSUES

**REQUESTED ISSUE NO. 1:**

Has Plaintiff proven by a preponderance of the evidence <u>each</u> of the following:

(1) Plaintiff I.F. engaged in conduct protected by Title IX of the Education Amendments Act of 1972;

(2) Defendant Lewisville Independent School District knew of the protected activity;

(3) Defendant Lewisville Independent School District subjected Plaintiff I.F. to an adverse educational action at the time, or after, the protected conduct took place; and

(4) Defendant Lewisville Independent School District took the adverse action against Plaintiff I.F. because of plaintiff's protected conduct.

Answer "Yes" or "No."

_____

[3C Fed. Jury Prac. & Instr. § 177:24 (6th ed.); 18 U.S.C.A. § 1681; *Lowrey v. Texas A & M Univ. System*, 117 F.3d 242, 247 (5th Cir.1997); *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005); *Baggett v. Burnet Consol. Sch. Dist.*, 2007 WL 2823277, at *10 (W.D. Tex. 2007)]

**REQUESTED ISSUE NO. 2:**

If you have answered "Yes" to Issue No. 1, then answer the following question. Otherwise, do not answer the following question.

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff for the damages, if any, you have found were caused by Defendant Lewisville ISD's retaliatory acts in violation of Title IX, if any?

Answer in dollars and cents, if any. Do not include any amount that Plaintiff incurred because of a failure to mitigate her damages. Do not include any amount that Plaintiff incurred for injuries caused by the alleged sexual assault or harassment/bullying by fellow students that were the basis of Plaintiff's underlying complaints, or by acts and/or omissions of independent third parties. Do not include any amount that constitutes punitive/exemplary damages (*i.e.*, damages meant to punish the Defendant).

$ _____

Respectfully submitted,

/s/ Thomas P. Brandt
**THOMAS P. BRANDT**
State Bar No. 02883500
tbrandt@fhmbk.com
**STEPHEN D. HENNINGER**
State Bar No. 00784256
shenninger@fhmbk.com
**FANNING HARPER, MARTINSON,
BRANDT & KUTCHIN, P.C.**
Two Energy Square
4849 Greenville Ave. Suite 1300
Dallas, Texas 75206
(214) 369-1300 (office)
(214) 987-9649 (telecopier)
**ATTORNEYS FOR DEFENDANT**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been delivered to all parties of record, in compliance with the Court's ECF/CM system and/or Rule 5 of the Federal Rules of Civil Procedure, on the 20th day of February, 2017.

/s/ Thomas P. Brandt
**THOMAS P. BRANDT**